IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **KOBI GORE,**<br><br>*Plaintiff,*<br>v.<br><br>**HUMANA MARKETPOINT, INC.,**<br><br>*Defendant.* | **CASE NO.: 3:26-CV-974** |

# COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Kobi Gore, and complaining of the Defendant, Humana Marketpoint, Inc. ("Humana"), alleges the following to be true:

## INTRODUCTION

**1** This action arises from Humana's termination of Gore based on failure to accommodate, disability, and retaliation under the Americans with Disabilities Act, 42 U.S.C. §§ 12112 *et seq.* and retaliation under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*

**2** Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

## PARTIES, JURISDICTION, AND VENUE

**3** Gore is a resident of Mecklenburg County, North Carolina, and is neither a minor nor incompetent.

**4** Humana is a foreign corporation with offices in Mecklenburg County, North Carolina, and a registered agent in Raleigh, North Carolina.

**5** This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

**5.1** 28 U.S.C. § 1331, as the action arises out of 42 U.S.C. §§ 12112 *et seq.* and 29 U.S.C. §§ 2601 *et seq.*

**6** This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

**6.1** Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

**6.2** N.C. Gen. Stat. § 1-75.4(1)(d), as Humana was engaged in substantial business activity within this state at the time service of process was made upon it.

**6.3** N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Gore's person or property.

**7** Venue is proper in this Court pursuant to any/all of the following:

**7.1** 28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Western District of North Carolina;

**7.2** 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Western District of North Carolina.

## STATEMENT OF THE FACTS

**8** Groe began working for Humana in March 2022 as a Direct Marketing Sales Agent.

**9** Gore has diabetes, a disability limiting the major bodily function of the endocrine system.

**10** Gore's mother is elderly and has dementia.

**11** Gore applied to and was approved for intermittent FMLA for her own diabetes, as well as the care of her mother.

**12** In November 2024, Gore's supervisor, Michelle Dotson ("Dotson"), put Gore's entire team on a performance improvement plan ("PIP") to increase annual enrollment numbers. Dotson specifically said it was not a write up.

**13** Dotson told the team that she would be listening to one of each team members' sales calls every week.

**14** Gore was one of the highest converters on the team, but she was told that her problem was average handle time (the length of time she spent on any given caller).

**15** Dotson was supposed to hold regular meetings with Gore about the PIP but never did.

**16** In late 2024, Gore had to utilize her intermittent FMLA leave because issues with her diabetes made her unable to work and to attend doctor's appointments.

17 Dotson refused to prorate Gore's sales numbers to account for her protected absences.

18 Gore elevated the issue to HR and manager Ed Roberts ("Roberts"), who said that Dotson had to prorate her numbers. This was embarrassing to Dotson.

19 Gore then discovered that Dotson had been counting every FMLA-covered absence as an attendance occurrence.

20 On December 31, 2024, Gore's mother fell and had to have brain surgery.

21 Gore's mother subsequently had three strokes.

22 During the early part of 2025, Gore was in and out of the hospital with her mother.

23 Gore utilized her intermittent FMLA to care for her mother.

24 Dotson continued to refuse to prorate Gore's sales numbers to account for her time out of the office.

25 Gore's sales and conversion numbers were still good despite not being prorated, and she was still meeting goals.

26 On March 24, 2025, Gore discovered that Dotson had given her the wrong script and she had been reading it for the past five months.

27 On March 25, 2025, Dotson told Gore that she was moving her to the next level of the PIP.

28 At the time, Gore was already at 83.19% of her goal for the month.

29 Dotson told Gore the issue was her call process.

**30** Gore responded that Dotson was not listening to her calls or giving her any instruction on how to improve or what she was supposed to so like the original PIP said she would.

**31** Gore said that if Dotson had been listening to calls like she was supposed to, she would have realized that Gore had the wrong script.

**32** On April 17, 2025, during a company-wide meeting, Roberts was offering advice and suggestions for improving numbers.

**33** Gore asked Roberts how to improve handle times.

**34** Roberts said he met with his sales agents three times and listened to twenty calls every week.

**35** The next day, Gore brought Roberts's suggestion to Dotson, who blew it off and said she would never have the time.

**36** In April 2025, even without prorating, Gore exceeded goal in all metrics.

**37** On May 15, 2025, Dotson terminated Gore for the reasons that her accretion, quality, and production were bad.

**38** The statistics from April had shown Gore's accretion, quality, and production were above target.

**39** The termination letter from Dotson included numbers that were not prorated to account for Gore's FMLA.

**40** Other agents who were not disabled and did not use FMLA with worse numbers than even Gore's non-prorated numbers were not terminated.

**41** Humana has 501 or more employees.

42 Gore worked at least 1250 hours in the 12 months preceding her termination.

43 Gore worked at a location where there are 50 or more employees within a 75 mile radius.

44 Gore filed an EEOC charge on November 10, 2025, alleging failure to accommodate, disability discrimination, and retaliation, and received a notice of right to sue from the EEOC on August 18, 2026.

## FIRST CAUSE OF ACTION
### Failure to Accommodate
*The Americans with Disabilities Act, 42 U.S.C. §§ 12112* et seq.

45 Gore was an individual with a disability within the meaning of the statute.

46 Humana had notice of Gore's disability.

47 The reasonable accommodations of intermittent FMLA and prorated numbers, Gore could perform the essential functions of her position.

48 Humana refused to make such accommodations.

## SECOND CAUSE OF ACTION
### Disability Discrimination
*The Americans with Disabilities Act, 42 U.S.C. §§ 12112* et seq.

49 Gore was an qualified individual with a disability.

50 Gore was discharged.

51 Gore was fulfilling her employer's legitimate expectations at the time of discharge.

52 Stances of her discharge raise a reasonable inference of unlawful discrimination.

## THIRD CAUSE OF ACTION
### Retaliation
*The Americans with Disabilities Act, 42 U.S.C. §§ 12112* et seq.

53 Gore engaged in a protected activity by requesting and utilizing leave as an accommodation.

54 Gore was discharged.

55 There is a causal connection between Gore's protected activity and her discharge.

## FOURTH CAUSE OF ACTION
## Retaliation
*The Family and Medical Leave Act, 29 U.S.C. §§ 2601* et seq.

56 Gore engaged in a protected activity by requesting and utilizing FMLA leave as an accommodation.

57 Gore was discharged.

58 There is a causal connection between Gore's protected activity and her discharge.

## PRAYER FOR PUNITIVE DAMAGES

59 Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

**59.1** Malice;

**59.2** An evil motive; and/or

**59.3** Callous indifference to a federally protected right.

60 Officers, directors, and/or managers of Defendant participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

## REQUEST FOR JURY TRIAL

61 Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

**1** Enter Judgment for Gore against Defendant on all causes of action contained herein;

**2** Award Gore damages, including punitive damages, in an amount to be determined at trial;

**3** Tax the costs of this action against Defendant and award Gore reasonable attorney fees as permitted by law, and;

**4** Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 13th day of November 2026,*

**/s/ WILSON FONG**
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2026, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and will serve the following by Certified Mail, return receipt:

Humana Marketpoint, Inc.
c/o CT Corporation System
160 Mine Lake Ct Ste 200
Raleigh, NC 27615
*Defendant*

**/s/ WILSON FONG**
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com